IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NOS. 3:04CV36; 3:04cv309;3:04cv458

| | |
|---|---|
| SHAEQUONTIA GADDY, SUSAN ELLEN CALHOUN & JERRA PETTUS, ) ) ) Plaintiffs, ) ) vs. ) ) ELMCROFT ASSISTED LIVING, et al., ) ) Defendants. ) ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Motion by the Defendants to Reassign and Consolidate Cases For Summary Judgment Purposes, filed October 20, 2005. (Doc No. 24)

Having carefully considered the arguments of the parties, and finding no good cause and that the Plaintiffs object to the motion, the Court will <u>deny</u> the Defendants' Motion to Consolidate Cases for Summary Judgment. (Document No. 24) Further, finding good cause and that the parties jointly consent, the Court will <u>reassign</u> the above-captioned cases to Judge Robert Conrad Jr. for summary judgment purposes.

## I. LEGAL ANALYSIS

Rule 42 (a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). According to the Fourth Circuit, "district courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district." A/S Ludwig Mowinckles Rederi v. Tidewater Constr., 559 F.2d 928, 933 (4th Cir. 1977). When exercising this discretion, district courts should

> weigh the risk of prejudice and confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., 219 F.R.D. 369, 371 (M.D. N.C. 2003) (citing Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)).

Applying Rule 42(a), the Court finds that while these three cases involve some common questions of law and fact, they are separate and distinct cases. And so, consolidation for summary judgment purposes would be inappropriate.

While there are similarities between the cases (i.e., all three claims involve assertions of hostile work environment and retaliation under Title VII against the same defendants; all three suits are brought by former employees of Elmcroft whose employment temporally overlapped; and attorney Howard Widis represents all three plaintiffs, while Philip Van Hoy and Bryan Adams represent the defendants in all three cases), each of the Plaintiffs have submitted their claims under different sets of facts. Specifically, the ways in which each Plaintiff allegedly notified the Defendant of the un-welcomed, harassing behavior, and the ways in which the Defendant allegedly retaliated against the Plaintiffs vary significantly in each case.

Thus, consolidating the cases for summary judgment purposes would neither conserve

2

judicial resources, nor promote consistency and reduce confusion. Accordingly, the Court concludes that the various factors weigh against consolidation for summary judgment purposes. The Court also concludes that reassigning the cases to Judge Conrad Jr. for summary judgment purposes would be beneficial to both parties and to the Court by conserving judicial resources and avoiding inconsistent rulings.

**IT IS, THEREFORE, ORDERED** that the "Consolidate Cases for Summary Judgment Purposes." (Doc. No. 24) is **HEREBY DENIED**.

**IT IS FURTHER ORDERED** that the following cases are **HEREBY ASSIGNED** to Judge Robert Conrad, Jr. for purposes of summary judgment only: Gaddy v. lmcroft Assisted Living, et al., 3:04CV36; Pettus v. Elmcroft Assisted Living et al., 3:04cv309; and Calhoun v. Elmcroft Assisted Living, et al.,3:04cv458.

The Clerk is directed to send copies of this Order to counsel for the parties.

**Signed: November 2, 2005**

Robert J. Conrad, Jr.
United States District Judge